## Neikirk & Dietrich v. Lamaster, Appellant.

*Real estate—Charges upon land—Assignee for creditors—Public sale—Purchase by person for whom charged—Payment of bid—Claim for deduction—Refusal.*    :

1. A sum charged by law upon real estate cannot be divested by any act of the devisee of the land nor by his assignee for creditors, even under an order of court authorizing the sale of the property.

2. Where a testator devised a farm to his son and charged thereon $3,000 during the natural lifetime of his wife and provided "interest upon said sum at 5 per cent. shall be paid to her semi-annually by the son......" and thereafter the farm was sold by the assignees of the son "subject to the above charge in favor of Sarah E. Lamaster" and the wife bought the farm and agreed to pay the purchase-money "according to the conditions of the sale and in all respects to keep and comply with the same," the wife was not entitled to deduct from the amount of her bid the amount of the charge in her favor, as the charge was not for the payment of that sum, but only to secure to her the payment of the interest on the sum charged.

Argued March 11, 1918. Appeal, No. 273, Jan. T., 1917, by defendant, from judgment of C. P. Franklin Co., April T., 1917, No. 125, on case stated, in case of D. H. Neikirk and Elmer G. Dietrich v. Sarah E. Lamaster. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for balance due upon the purchase price of real estate. Before GILLAN, P. J.

The opinion of the Supreme Court states the facts.

The facts were agreed upon in the form of a case stated.

The court entered judgment for plaintiffs on the case stated for $3,274. Defendant appealed.

*Error assigned* was the judgment of the court.

*O. C. Bowers,* for appellant.

*Charles Walter,* with him *Arthur W. Gillan,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, June 11, 1918:

Jacob R. Lamaster devised a farm to his son Seth, charged with certain rights and privileges in favor of his wife. After reciting these, he directed as follows: "Three thousand dollars shall be and remain a charge upon the said lands during the natural life of my wife, Sarah E., and interest upon said sum at five per cent. shall be paid to her semi-annually by my son, Seth." The son executed a deed of assignment for the benefit of creditors, and his assignees sold the farm, under an order of court, at public sale. The conditions of the sale set forth the foregoing charge and stated that the purchaser would take title to the farm "subject to the above charge in favor of Sarah E. Lamaster." This was a necessary condition of the sale, for the charge expressly put upon the farm by Jacob R. Lamaster could not be divested by any act of the son, nor by his assignees, even under an order of court authorizing the sale of the property: Heist v. Baker, 49 Pa. 9. Sarah E. Lamaster purchased the property and signed an agreement to pay the purchase-money "according to the conditions of sale and in all respects to keep and comply with the same." After the sale had been duly confirmed by the court, the assignees tendered her a deed for the property and demanded payment of $16,671.87, the full amount of her bid. This she refused to pay, claiming that there should be deducted from her bid $3,000, the amount of the said charge. The assignees accepted from her $13,671.87, under an agreement that the question of her liability for the full amount of her bid should be submitted to the court below on a case stated. From its judgment, so

entered in favor of the assignees for $3,274, the balance of the bid, with interest thereon, Mrs. Lamaster has appealed.

The charge of $3,000 upon the farm was not for the payment of that sum, or any portion of it, on the death of the testator's widow. It was merely to secure to her the payment of $150 annually, and upon her death, if her son should still be the owner of the farm, and he had paid her what was annually due her, the charge would be extinguished; and this would be true if another should acquire title to the farm from the son. If some one else than his mother had purchased from his assignees, the purchaser would undoubtedly have been required to pay the full amount of his bid, and, in addition thereto, the annual sum of $150 to the widow of the testator, secured to her by the said charge. That she happened to be the purchaser is immaterial in determining her liability for the purchase-money. Instead of receiving $150 annually hereafter from another, she will simply pay herself that sum, for, as long as she owns the farm, the hand that pays will be the hand that receives. Neither she nor any one claiming under her will ever be required to pay the principal sum of $3,000, for it and all the other charges expressly placed upon the farm by her husband for her benefit will be extinguished by her death. If she could retain $3,000 of the purchase-money, she would get the property for that much less than she unequivocally agreed to pay for it to her son's assignees for the benefit of his creditors. All his interest in the property passed from him when he made the deed of assignment, and there passed to the vendee of his assignees title to the property divested of everything except the charges for the support of his mother during life. The manifestly correct judgment of the court below is affirmed.